■ Gino P. Damasco, Appellant, v Sidney Berger, Respondent. [772 NYS2d 518]—

Order, Appellate Term of the Supreme Court, First Department, entered on or about July 24, 2003, affirming an order of Civil Court, New York County (Maria Milin, J.), entered on or about April 26, 2001, which had dismissed the petition in this holdover proceeding, unanimously affirmed, without costs.

Petitioner landlord was precluded from refusing to renew respondent tenant's lease during an initial abbreviated term contemplated under governing New York City Loft Board Regulations (29 RCNY) § 2-01 (m) (3) (ii), which abbreviated term followed the Loft Board's order setting the initial legal regulated rent. The owner failed to establish that the tenant received the benefit of a full, rent-stabilized term, as required by the Rent Stabilization Code, where the owner served the tenant with notice of nonrenewal during an initial term that was due to expire less than five months after commencement. Insofar as the New York County Civil Court decisions in *Kaplan v Raab* (NYLJ, Dec. 6, 2000, at 25, col 2) and *Breyre v Halo* (n.o.r., Index No. L&T 100437/00, Mar. 12, 2001) hold to the contrary, the Civil Court correctly declined to follow them.

We have considered petitioner's additional arguments and find them to be without merit, including his assertion that section 2-01 (m) (3) (ii) is ultra vires and unenforceable due to the Loft Board's lack of jurisdiction to regulate a unit that has already entered the rent-stabilized system. Concur—Ellerin, J.P., Williams, Lerner and Marlow, JJ.